# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BMO HARRIS BANK, N.A.,<br><br>    Plaintiff,<br><br>    v.<br><br>CHAHAL ROADLINES, INC., et al.,<br><br>    Defendants. | Case No.: 1:24-cv-0788 JLT HBK<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS IN PART, GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT IN PART, AND DIRECTING THE CLERK OF COURT TO CLOSE THE CASE<br><br>(Docs. 11, 15) |

BMO Harris Bank N.A. seeks to hold Chahal Roadlines, Inc. and Malkit Singh liable for breach of contract related to several Loan and Security Agreements. (*See generally* Doc. 1.) After Defendants failed to answer, the Court entered default against Defendants. (Doc. 9.) Plaintiff now seeks default judgment against Defendants. (Doc. 11.)

The magistrate judge determined the Court has diversity jurisdiction over the claims presented and personal jurisdiction over Defendants. (Doc. 15 at 6-8.) The magistrate judge also found Plaintiff complied with the service requirements under Rule 4 of the Federal Rules of Civil Procedure. (*Id*. at 8-9.) Examining the sufficiency of the complaint, the magistrate judge found Plaintiff alleged sufficient facts to state a claim for breach of contract against Defendants and "submits evidence in support of its damages claim." (*Id.* at 10.) The magistrate judge determined the factors identified by the Ninth Circuit in *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986) weighed in favor of default judgment and recommended the motion be granted, with

1    damages awarded in the amount of $203,300.93, plus post-judgment interest.  (*Id*. at 9-12.)

2           The magistrate judge found Plaintiff is also entitled to an award of attorney fees and costs.
3    (Doc. 15 at 12-13.)  The magistrate judge found the requested hourly rate of $325 was reasonable
4    based upon the experience of counsel.  (*Id.* at 13.)  In addition, the magistrate judge observed:
5    "According to the declaration of Attorney Ito and the corresponding invoice, Attorney Ito
6    expended 10.5 hours of work in relation to this matter until September 27, 2024."  (*Id.*)  The
7    magistrate judge noted Mr. Ito anticipated that it would "take at least 3 hours at a rate of $325" to
8    complete the motion for default judgment, excluding any appearance at a hearing on the motion.
9    (*Id.*)  The magistrate judge found it was not necessary to deduct the 3 hours that were anticipated
10   from the fee award, also noting the hearing was vacated.  (*Id*. at 14.)  The magistrate judge found
11   "the amount of $4,387.50 for 13.5 hours of work by Attorney Ito at a rate of $325.00 per hour to
12   be reasonable," and recommended the requested fees be awarded.  (*Id.*)  The magistrate judge
13   also found costs in the amount of $620.09—which included $405.00 for the court filing fee and
14   $215.09 for service of process—were reasonable and recommended they be awarded.  (*Id.* at 15.)

15          The Court served the Findings and Recommendations on Plaintiff, which served the
16   document on Defendants at their last known mailing addresses on November 20, 2024, and filed
17   proof of service. (Docs. 15, 16.)  The Court notified the parties that any objections were due
18   within 14 days after service.  (Doc. 15 at 15.)  The Court advised the parties that the "failure to
19   file objections within the specified time may result in the waiver of rights on appeal." (*Id*. at 16,
20   citing *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014).)  No objections were filed,
21   and the deadline for doing so has passed.

22          According to 28 U.S.C. § 636 (b)(1), this Court performed a *de novo* review of this case.
23   Having carefully reviewed the entire matter, the Court concludes findings related to the Court's
24   jurisdiction, Plaintiff's service of the complaint, and the *Eitel* factors are supported by the record
25   and proper analysis.  Therefore, the Court adopts the recommendation that Plaintiff be awarded
26   monetary damages in the amount of $203,300.93.  However, Plaintiff's request for attorney's fees
27   in the amount of $4,387.50 is not supported by the record.

28          A fee applicant must provide time records documenting the tasks completed and the

amount of time spent on the action. *Hensley v. Eckerhart*, 461 U.S. 424, 424(1983); *Welch v. Metropolitan Life Ins. Co.*, 480 F.3d 942, 945-46 (9th Cir. 2007).  Plaintiff's records indicate that counsel expended 10.5 hours on this action through September 27, 2024.  (Doc. 13 at 5-12.) Although Mr. Ito anticipated 3 additional hours related to the pending motion (*id.* at 3, ¶ 7), there is no evidence to support this estimate.  The Court declines to speculate as to time related to this motion simply because Plaintiff elected to not submit billing records through the motion's filing date of October 9, 2024.   Instead, the fee award is limited to the established and documented time.  *See, e.g., Merch. Cash & Capital, LLC v. Progressive Rent a Car, Inc.,* 2018 WL 4268908 (E.D.N.Y. Aug. 15, 2018) ("Plaintiff has not submitted billing records for the preparation of the instant motion and, as a result, is not awarded any attorney's fees for that time"); *see also Auto. Indus. Pension Trust Fund v. Bi-City Paint & Body Co.*, 2012 WL 6799735 (N.D. Cal. Dec. 6, 2012) (declining estimated attorney fees for anticipated work related to a motion for default judgment where the plaintiff did not document how the estimate was calculated).  The documented time was reasonable for the tasks completed.  (*See* Doc. 13 at 5-12.)  Applying the requested hourly rate of $325, which the Court agrees is reasonable, Plaintiff is entitled to the modified fee award of $3,412.50.  Thus, the Court **ORDERS**:

    1.    The Findings and Recommendations issued November 19, 2024 (Doc. 15) are **ADOPTED** in part.

    2.    Plaintiff's motion for default judgment (Doc. 11) is **GRANTED** in part.

    3.    Plaintiff is **AWARDED** monetary damages in the amount of **$203,300.93**.

    4.    Plaintiff is **AWARDED** interest at the contracted interest rates for each day after September 29, 2024, including:

        a.  Agreement 7001: $13.68 per day,

        b.  Agreement 22001: $31.87 per day;

        c.  Agreement 52001: $22.81 per day;

        d.  Agreement 5001: $10.16 per day; and

        e.  Agreement 1001: $10.14 per day.

    5.    Plaintiff's request for fees and costs is **GRANTED**, in the modified amount of

$3,412.50 in attorney fees and $620.09 in costs, for a total of **$4,032.59**.

6. Plaintiff is **AWARDED** possession of the subject vehicles, and Defendants **SHALL** return and/or permit Plaintiff to take possession of the subject vehicles:

    a. 2016 Utility Refrigerated Van, VIN 1UYVS2530GU539205;

    b. 2016 Utility Refrigerated Van, VIN 1UYVS2535GU539037;

    c. 2021 Freightliner Cascadia, VIN 3AKJHHDR9MSNA1289;

    d. 2017 Utility Refrigerated Van, VIN 1UYVS2533HM875402

    e. 2017 Utility Refrigerated Van, VIN 1UYVS2534HU873593;

    f. 2017 Utility Refrigerated Van, VIN 1UYVS2530HU873767; and

    g. 2017 Utility Refrigerated Van, 1UYVS2533HU873505.

7. Upon recovery and sale of the subject vehicles in a commercially reasonable manner, Plaintiff **SHALL** credit the net sale proceeds of the vehicles toward the monetary judgment awarded herein.

8. The Clerk of Court is directed to enter judgment in favor of Plaintiff and against Defendants, and to close this case.

IT IS SO ORDERED.

Dated:   **December 22, 2024**

*/s/ Jennifer L. Thurston*
UNITED STATES DISTRICT JUDGE